CatRON Ch. J.
delivered the opinion of the court.
The proceedings below were grounded upon the act of 1799, ch. 28, sec. 2, which provides, “If any person shall hereafter entice or persuade any servant or slave to absent him or herself from his or her owner’s service, or shall harbour or maintain, under any pretence whatever, any runaway servant or slave, such person shall for every such offence, forfeit and pay to the owner of. such servant or slave, the sum of fifty dollars, to he-recovered by action of debt before any justice of the peace within the county where such offence shall be committed, and be further liable to said owner in action of damages.” Ought the warrant to have been quashed, 1st. Because it is not alledged the offence was committed in the county of Warren? The suit is to be by warrant in debt, before a justice of the peace of the county where the offence was committed; whether the magistrate had jurisdiction, rested in proof, not on the pleadings. No venue is laid in covenants before justices. 2d. Should the warrant have been quashed because two distinct offences are charged in it? The enticing a slave from his' owner’s service is one of-fence, and the harboring a runaway slave is another, for either of which, the penalty is given. Here a penalty ol fifty dollars is sued for, because Marshall enticed and persuaded the slave to leave the service of her owner, and the warrant alleges he concealed and harbored her after she had'left Peningtori’s service, but thé whole is stated in connexion as one transaction, and so was the fact. The defendant persuaded the woman to leave her master, carried her on his horse to his own house, and there concealed and 'kept her, and clearly incurred the penalty. The rule, in declaring on a penal statute, is to set forth the *430 acts jone by the defendant, so as to bring the offence within the provisions of the statute, and to state all the necessary circumstances to support the action. 1 Chit. Plead. 356. Here the offence is stated with the circumstances according to the truth of the case, and we think it well stated, at least in a proceeding such as is presented by the record. Baker vs. Allen, 2 Ten. R. 175. 3d. Was the proof of ownership offered by the defendant properly rejected? The evidence offered, proposed to establish the fact, that John Marshall, at his death, was the lawful owner of the slave, and that the defendant had been appointed his administrator. This might have been true, and still Penington he entitled to the services of the slave for a time, and the owner for the time; but could the administrator be permitted to assert his title by re-caption, had it been undoubtedly the better right? If it be true, that re-caption is a rightful remedy, then it was not unlawful for the proper owner to re-capture the slave. The danger of this mode of asserting title to slave property, was experienced shortly after the opinion of the court in Blanton vs. Coulson, (3 Hay. Rep. 155) was published; and in the cause of Kigler vs. Miles, (Mar. & Yer. Rep. 426) the assumption was rejected. The claim of title, therefore, formed no defence for Marshall, on the assumed ground to re-capture the slave.
In this part of the cause we are called upon to review the opinion of this court, made at June term, 1823, in Gordon vs. Farquhar, (Peck’s Rep. 155.) where it is holden that the sentence, “entice from his owner’s service,” means an acknowledged owner, not one whose claim. is opposed by that of the defendant by virtue of another claim of his own. If the prior possession is to be regarded, says the court, and he who is the owner with open possession is not to be disturbed, then a new possession taken by force and avowedly as a re-caption, is not the object of the penalty awarded by the law; for that is but a restitution to the state, from which it ought not *431 to have been taken, and one which is effected without force, and not without a justificatory motive;” and into this motive, the court hold in the concluding paragraph, the jury had the right to inquire but not to adjudge the right of property. Still, to ascertain the motive, the right of re-caption must be inquired into, and the evidence of title heard, to establish the honest intention of the defendant. In the case of Gordon vs. Farquhar, the right of re-caption is asserted, and it is there holden, that if the defendant believed he had the right to re-caption, and under the influence of this belief enticed the slave to leave, the service .of the owner, he vaas not. guilty, by force of the statute of 1799.
Gordon was, in that case, the apparent owner, with open and lawful possession, as was Penington in this, and the right of re-caption not existing in either, it follows the defendant could not lawfully disturb the possession, by taking away the slave by persuasion or other means; the “owner,” within the statute, being him having the lawful possession, of which he could not be deprived but by a legal remedy; nor would it have been any defence had it been proved that the motive of Marshall was to obtain possession of his own property, as such would have been unlawful, so would have been the motive to its exe-^ cution; we therefore think the evidence was properly rejected, notwithstanding what is said in the cause of Gordon vs. Farquhar. To maintain that slaveholders may be deprived of their slaves by tampering with them to their ruin,' as with planters might be the case, and then permit the wrong doer to say in defence, he meant no harm to the injured party, would, it is to be feared, inducejhe latter to take the law into his own hands to reg; session, as was the inevitable tendency oMj^JJskíW exploded doctrine of the right of re-caption:1^ aid as was. the case in this instance, an indictment against Wenington and others having sometime since been brought before ihis court for breaking the house, and comi kitt|}ji.B#fo:-- *432 lent outrage upon the defendant Marshall’s house and family, and for re-taking this slave:' and when they attempted to defend themselves against an indictment, because they liad the right of re-caption as true owners of the slave, their defence, was rejected.
To that part of the charge which informed the jury that they might from the localities proved, find that the offence was committed in the county of Warren, we think there is no objection. The judgment will be affirmed.
Judgment affirmed.